```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

DARRYL W. BENOIT,                §
                                 §
        Plaintiff,                §
                                 §
v.                               §     CIVIL NO. H-07-2939
                                 §
MICHAEL J. ASTRUE,               §
COMMISSIONER OF THE SOCIAL       §
SECURITY ADMINISTRATION,         §
                                 §
        Defendant.               §

## ORDER

Pending before the court[1] is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act. Defendant has failed to file any opposition to the motion. To the extent set forth below, Plaintiff's motion is **GRANTED**.

On June 6, 2008, this court reversed the Social Security Administration Commissioner's ("Commissioner") decision and entered final judgment remanding this action to the Commissioner for reconsideration.[2] On August 1, 2008, Plaintiff filed the current motion for attorney and paralegal fees under the Equal Access to Justice Act ("EAJA").[3] 28 U.S.C. § 2412. Plaintiff requests this court to award attorney's fees adjusted for inflation and paralegal

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636 (c) and Federal Rules of Civil Procedure 73, Docket Entry No. 14.

[2] Docket Entry No. 17.

[3] Docket Entry No. 18.

fees totaling $5,820.21.[4]  Defendant has not filed any opposition to this motion.  Accordingly, under Local Rule 7.4 this court may consider the lack of response to be a representation of no opposition.

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action.  28 U.S.C. § 2412(d)(1)(A).  A party is entitled to recover attorney's fees if: 1) he is the prevailing party; 2) he files a timely fee application; 3) the government's position, in the administrative proceedings as well as before the court, was not substantially justified; and 4) no special circumstances make an award unjust.  Squires-Allman v. Callahan, 117 F.3d 918, 920 n.1. (5th Cir. 1997).

In addition, the EAJA permits cost-of-living adjustments to the attorney's hourly rate.  The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Lastly, the EAJA allows for recovery of paralegal fees at a reasonable hourly rate.  Sandoval v. Apfel, 86 F. Supp. 2d. 601, 611-12 (N.D. Tex. 2000).

The court finds that Plaintiff is the prevailing party, because the case was remanded under sentence four of 42 U.S.C. § 405(g), that the application was timely filed, that the government's position was not substantially justified, and that no

---

[4]   Docket Entry No. 18.

special circumstances make an award unjust.  <u>Shalala v. Schaefer</u>, 509 U.S. 292, 301 (1993)(stating that when a court orders a remand under sentence four of 42 U.S.C. § 405(g) the plaintiff is a prevailing party).  In addition, the court finds that Plaintiff's attorney fee application is reasonable; however, the attorney hours are reduced to 32.9.[5]  The requested hourly rate of $163.40 is reasonable and includes a $38.40 per hour increase from the statutory rate.  This adjustment is consistent with the increase in the cost of living as measured by the Consumer Price Index for the Houston-Galveston-Brazoria area.  Therefore, this court awards attorney's fees in the amount of $5,375.86, representing 32.9 hours of attorney time at an hourly rate of $163.40.

The court finds that an hourly rate of $105 is reasonable for a paralegal in the Houston area.  The court, however, reduces the number of hours to 2.2, which represents the number of hours that required the special training and skill of a paralegal.  Therefore, this court awards $231.00 in paralegal fees.

Based on the foregoing, Plaintiff's motion for fees is **GRANTED** in the amount of $5,606.86.

**SIGNED** at Houston, Texas this _27_ day of August, 2008.

Nancy K. Johnson
United States Magistrate Judge

---

[5] According to the court's calculation, Plaintiff's counsel only logged 32.9 hours and not 33 hours.